IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TOMMY RAY LOPEZ,

    Plaintiff,

v.                                                  CIV 10-1197 LH/GBW

FREEPORT-MCMORAN
TYRONE, INC. et al.,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion for Leave to File Motion to Compel ("Motion"). *Doc. 51.* Defendants oppose the Motion. *Doc. 53.* Because the Motion lacks good cause, it will be denied.

### *Background*

This case was removed to this Court on December 15, 2010. *Doc. 1.* On February 10, 2011, as part of the course of discovery in this matter, Defendants served Plaintiff with their answers to the initial complaint as well as responses to Plaintiff's First Set of Interrogatories and Requests for Production. *Doc. 53* at 1-2. Defendants objected to several of the interrogatories and requests. *Id.* Over two months later, on April 19, 2011, Plaintiff's counsel sent a letter to Defendants' counsel that "expressed

disagreement" with those objections. *Id.* at 2. The disagreements were very limited in their explanations. *See, e.g. doc. 53*, Ex. B at 1 (disagreeing with three objections by saying only "Your clients' objections are invalid, please withdraw them and produce the information" requested.").

On August 19, exactly four months after sending that letter, Plaintiff filed the instant Motion for Leave to File a Motion to Compel. *Doc. 51.* Defendants filed their opposition to the Motion on September 2, 2011. *Doc. 53.* Plaintiff did not file a reply.

*Analysis*

Pursuant to District of New Mexico Local Rule 26.6, once a party is served with objections to either interrogatories or requests for production, the party receiving the objections

> Must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed . . . . Failure to proceed within this time period constitutes acceptance of the objection. For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period.

D.N.M.LR-Civ. 26.6. Under this rule, Plaintiff was required to file his motion to compel by March 7, 2011. Instead, Plaintiff delayed until August 19, 2011 to request leave to file the motion. *Doc. 51*.

Plaintiff's sole justification for the extensive delay in this request, and consequently the sole argument for "good cause," is that "[d]ue to Plaintiff's counsel's

2

schedule, these issues were not able to be addressed within the 21 day time period." *Id. at 2.* No further discussion is offered. In the face of missing the deadline by more than five months, this explanation is patently insufficient.

### *Conclusion*

Because the proposed motion to compel is overdue by more than five months and the Motion for Leave to File the Motion to Compel lacks a showing of good cause, the Motion for Leave to File Motion to Compel is DENIED.

_____
United States Magistrate Judge